## DANIEL DEVINNEY *against* MARY ANN REEDER.

The Court of Common Pleas may grant a new trial upon the terms, that the defendant shall pay all the costs which have accrued up to the time of trial; and may enforce that rule, by entering judgment upon the verdict against the party refusing to comply with it.

But if the plaintiff acquiesces in the non-payment of the costs, by proceeding to take testimony on a commission to another State, or proceeds to enforce the payment of them by citation and attachment, he cannot afterwards have judgment by default of the payment of such costs.

ERROR to Huntingdon county.

This was an action of ejectment brought by *Mary Ann Reeder* against *Daniel Devinney.*

At January term, 1818, the cause was tried and a verdict given for the plaintiff. At the same time the court granted a new trial, "on payment of costs by the defendant." At November term, 1818, the plaintiff took a commission to Ohio, to take the testimony of witnesses on interrogatories filed and served on the defendant. On motion of plaintiff's counsel, at April term, 1819, a rule was granted on *Daniel Devinney* to pay the costs of suit up to the time of trial. On motion of plaintiff's counsel, at April term, 1820, a rule was granted on *Daniel Devinney*, to show cause why an attachment should not issue against him for not paying the bill of costs. It did not appear by the record whether these rules were served or not. On the 26th February, 1822, on motion of the plaintiff's attorney, the court granted a rule on the defendant, " that judgment be entered for the plaintiff upon the verdict on the 1st day of June next, unless the costs be paid agreeably to the terms on which the new trial was granted." On the 3d June, 1822, the costs not having been paid, the prothonotary, without motion, but by direction of the plaintiff's attorney, entered judgment for the plaintiff according to the rule.

This writ of error was sued out to reverse that judgment.

*Fisher*, for plaintiff in error—Contended, that the proceeding by the defendant in error, after the new trial was awarded, was an election from two remedies by which she was bound. The payment of costs by the defendant, was waived by the plaintiff proceeding to prepare for another trial, and thus putting the defendant to the trouble and expense of taking depositions on her commission to the State of Ohio. *Clark* v. *M'Anulty,* 3 *Serg. & Rawle,* 364. *Zeigler* v. *Fowler, id.* 288.

*Hale*, for defendant in error.—The payment of the costs was a *condition precedent* to the award of a new trial; and could only be enforced by a rule on the defendant to pay them, or yield the right to have a new trial. The defendant had not agreed to accept the terms offered by the court, and could not therefore be compelled to pay the costs upon attachment, those rules, therefore upon him,

(Daniel Devinney *v.* Mary Ann Recder.)

were irregular; the only one which could legally be enforced was the last one, upon which the court acted.

The judgment entered by the prothonotary was regular. 1 *Tidd's Prac.* 506.

The opinion of the court was delivered by

Rogers, J.—After verdict for the plaintiff, the court, on motion, granted a new trial on payment of costs by the defendant. Awarding a new trial on terms, is the every day practice in England, and there can be no doubt it is a power inherent in the courts of this State.

Had the defendants refused to pay the costs, on a rule granted for that purpose, the court might have rendered judgment on the verdict; which would be in the nature of a penalty, for a non-compliance with the order of the court. Instead of applying to the court in the first instance, or taking any other means to enforce compliance with the order, the plaintiff by entering a rule for a commission, treated the cause in the same manner as if a new trial had been granted without condition. Although this proceeding may not prevent him from compelling the payment of the costs by attachment; yet by this step, he waives the right of making the payment of costs a condition precedent to a new trial. At the April term, 1819, the court, *on motion*, entered a rule on *Daniel Devinney* to pay the costs of the suit, up to the time of the new trial. At the April term, 1820, the court also, *on motion*, granted a rule, to show cause, why an attachment should not issue against the defendant, for not paying the bill of costs.

Why these rules were not enforced, we have not been informed. We have no evidence that they were abandoned by leave of the court; but the contrary appears. On the 26th February, 1822, we have the following rule: "Rule, that judgment be entered for plaintiff, by the first day of June next, unless the costs be paid, agreeably to the terms on which the new trial was granted." And on the 3d of June, we have this entry: "The defendant having neglected to pay the costs, therefore judgment for plaintiff agreeably to rule." It is impossible to inspect the record, without perceiving that the rule on which judgment was given, was entered in vacation without leave of the court, and also that judgment was signed in vacation, without any proof whatever of the service of the rule on the defendant. This is a practice we cannot sanction. The rule for the payment of costs, on judgment, is an act of the court, which cannot be entered in vacation; but must be granted by the court, on motion in open court: in them, not in the party, is vested the power of fixing the time for the payment of costs, on the penalty of judgment in case default be made. It is also a first principle in the administration of justice, that the party on whom the rule is granted, shall have reasonable notice.

Judgment reversed, and a *venire de novo* awarded.

Gibson, C. J., unwell, and not present at the argument.